UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHIP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0546-NJB-SS** |
| **HAYWARD BAKER, INC.** | |

## ORDER

DEFENDANT'S MOTION TO COMPEL (Rec. doc. 24)

### GRANTED IN PART AND DENIED IN PART

PLAINTIFF'S MOTION TO COMPEL (Rec. doc. 28)

### DENIED

The deadline for the completion of discovery is November 8, 2011. Rec. doc. 11.

### DEFENDANT'S MOTION TO COMPEL

The defendant, Hayward Baker Inc. ("HBI"), seeks an order requiring the plaintiff, LaShip, LLC ("LaShip"), to: (1) provide supplemental responses to interrogatories; (2) produce documents relating to its claims for damages; and (3) produce any remaining responsive documents.

HBI demonstrates that for interrogatory nos. 14, 15 and 16, LaShip objected that the information concerning its claim for damages was premature. The objections to these three interrogatories are overruled. LaShip shall supplement its response to these interrogatories and produce the documents supporting its claim for damages.

As to the issue of producing any remaining responsive documents, LaShip reports that it will supplement its document responses. It shall produce these documents within the deadline provided herein. HBI's request for costs is denied.

**PLAINTIFF'S MOTION TO COMPEL**

LaShip contends that HBI's responses to requests for production ("RFP") nos. 7, 8, 14, 20-22, 29-32, and 34-39 are deficient. LaShip argues that HBI has not produced all the documents responsive to these requests and illustrates the issue with a brief discussion of RFP nos. 29-32, 34, 35 and 37-39. Although it acknowledges that HBI responded that it produced the documents as they are kept in the normal course of business, LaShip contends that HBI has not specified the documents which are responsive to particular requests. LaShip also seeks costs.

HBI responds that except for RFP nos. 38 and 39 seeking employee personnel records, it produced all responsive, non-privileged documents in its possession. Rec. doc. 34 at 6. It contends that the employee personnel file records are not relevant to the parties' claims arising out of soil mixing and other work for the construction of buildings for a new slip location at LaShip's facility. LaShip's request for an order requiring HBI to produce additional documents is denied.

"A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis addes). HBI has chosen the former method of production, it is not required to produce them in accord with the latter method. LaShip's motion will be denied.

IT IS ORDERED that:

1. The motion of the defendant to compel discovery from the plaintiff (Rec. doc. 24) is GRANTED in PART and DENIED in PART.

2. **Within seven (7) calendar days of the entry of this order**, LaShip shall supplement its response to interrogatory nos. 14, 15 and 16 and complete its production of documents, including documents relating to its claim for damages.

3. The motion of the plaintiff to compel discovery from the defendant (Rec. doc. 28) is DENIED.

New Orleans, Louisiana, this 26th day of October, 2011.

                                              **SALLY SHUSHAN**
                                    **United States Magistrate Judge**