UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHIP, LLC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-0546** |
| **HAYWARD BAKER, INC.** | **SECTION: "G"(1)** |

### ORDER

This litigation arises out of work that Hayward Baker, Inc. ("HBI"), a contractor specializing in geotechnical planning and sub-surface construction, did for LaShip, L.L.C. ("LaShip"), a company that designs and builds vessels, at LaShip's shipbuilding facility in Houma, Louisiana, and on adjacent property owned by the Terrebonne Port Commission ("TPC"). LaShip and TPC allege that HBI's soil improvement and foundation work was defective, undermining the integrity of structures on the sites. LaShip and TPC bring causes of action for breach of contract, negligence, breach of implied duty of good and workmanlike performance, and equitable estoppel/detrimental reliance.[1]

Before the Court is Plaintiffs LaShip's and TPC's "Motion to Strike Hayward Baker, Inc's Untimely 'Addendum' to John D. Osteraas' Expert Report,"[2] wherein Plaintiffs move this Court to strike an addendum dated October 2, 2013. Plaintiffs argue that the addendum is "untimely and inappropriate" and that it "impermissibly seeks to alter Osteraas' opinions."[3]

The provisions of Rule 26 of the Federal Rules of Civil Procedure require parties to disclose the identities of their expert witnesses, as well as those experts' reports in accordance with the

---

[1] Rec. Doc. 118 at ¶¶ 56-77. The Plaintiffs' unjust enrichment claims, as well as TPC's claim for good and workmanlike performance, have been dismissed. *See* Rec. Doc. 193.

[2] Rec. Doc. 176.

[3] Rec. Doc. 176-1 at p. 1.

deadlines established by the court's scheduling order.[4] Under Rule 26(e)(2), supplementing an expert report is permitted, but "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[5]

Rule 26(a)(3) governs pretrial disclosures, and provides that in addition to initial disclosures pursuant to 26(a)(1) and expert disclosures pursuant to 26(a)(2), parties must disclose certain information about the evidence that they may present at trial, including: the names of each witness, the designation of those witnesses whose testimony the party expects to present by deposition, and identification of each document or other exhibit the party expects to offer.[6] Pursuant to Rule 26(a)(3)(B), the deadline for pretrial discloses is thirty days before trial, "[u]nless the court orders otherwise."[7] The purpose of Rule 26(a)(3) is to impose a duty to disclose "information customarily needed in final preparation for trial," and the comments to Rule 26 recognize that "[t]he time specified in the rule for the final pretrial disclosures is relatively close to the trial date."[8]

The Court's Scheduling Order[9] does identify the Rule 26(a)(3)(B) deadline *in haec verba*. However, the Scheduling Order and accompanying Pre-Trial Notice[10] provide detailed instructions for the parties to submit a proposed pretrial order. The proposed pretrial order must contain the

---

[4] *See* Fed. R. Civ. Pro. 26(a)(2) (requiring disclosure of identity and written reports of expert witnesses).

[5] Fed. R. Civ. Pro. 26(e)(2).

[6] Fed. R. Civ. Pro. 26(a)(3)(A).

[7] Fed. R. Civ. Pro. 26(a)(3)(B).

[8] Fed. R. Civ. Pro. 26, advisory committee's note, "1993 Amendments."

[9] Rec. Doc. 103.

[10] Rec. Doc. 103-1.

disclosures discussed in 26(a)(3). Parties must submit their final lists of witnesses,[11] deposition testimony that each intends to offer into evidence at trial,[12] and exhibits.[13]

The deadline for the proposed pretrial order—and thus the deadline for the disclosures required by 26(a)(3)—was October 4, 2013. Therefore, the Rule 26(e) deadline to supplement expert reports was also October 4, 2013. Because the addendum to John D. Osteraas report was disclosed on October 2, 2013, the disclosure is a timely supplement pursuant to Rule 26(e)(2).

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Strike Hayward Baker, Inc's Untimely 'Addendum' to John D. Osteraas' Expert Report" is **DENIED.**

**NEW ORLEANS, LOUISIANA** this  25th  day of October, 2013.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[11] *Id.* at ¶ 13.

[12] *Id.* at ¶ 11.

[13] *Id.* at ¶ 10.